UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARL BENIT COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-1844 (JR) |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In its original motion to dismiss this Privacy Act suit, defendant argued that plaintiff's failure to file within the Act's two-year statute of limitations was ground for dismissal. On July 23, 2003, that motion was denied without prejudice in light of *Chung v. United States Dep't of Justice*, 333 F.3d 273 (D.C. Cir. 2003), which held that equitable tolling may be applied in a Privacy Act suit against the federal government.[1] Defendant was directed to file a renewed motion but never did so. Instead, on September 17, 2003, defendant filed a "response" to the July 23, 2003 Order [# 29]. Plaintiff filed responses to defendant's "response" on September 26 and October 16, 2003

---

[1] *Chung* overruled *Griffin v. United States Parole Comm'n*, 192 F.3d 1081, 1082 (D.C. Cir. 1999) (per curiam), insofar as *Griffin* held that an "untimely complaint deprives the district court of subject matter jurisdiction."

[# 31, 34]. This haphazardly named collection of papers will be deemed a renewed motion to dismiss.[2] The motion will be granted.

## I.   BACKGROUND

In September 1995, in the United States District Court for the District of South Carolina, plaintiff was tried and found guilty of bank robbery and related offenses.[3] Compl. at 4. A United States Probation Officer prepared a presentence investigation report ("PSI") in February 1996.[4] *Id*. at 4. The probation officer included in the PSI information provided by plaintiff's co-defendant, Wilfred Rivers, describing the crimes he and plaintiff committed. *See id.*, Attach. JA#2 (presentence investigation report), ¶¶ 12-22. On August 1, 1996, the court imposed a sentence totaling 138 months' imprisonment, and ordered payment of restitution totaling $43,677.50. *Id.*, Attach. JA#1 (Judgment and Commitment Order, Case No. 2:95CR00206-001). According to the Judgment and Commitment Order, the sentencing

---

[2]   The regular reporting mechanisms of the Court are disabled in a case like this. The system does not report an undecided "motion," thus, the embarrassing delay of some 28 months in rendering a decision.

[3]   Plaintiff also was convicted of concealing estate property in a bankruptcy matter. Compl., Attach. JA#1 (Judgment and Commitment Order).

[4]   The probation officer also prepared an Addendum to the Presentence Report in response to plaintiff's objections. *See* Compl., Attach. JA#3 (Transmittal of Presentence Reports to Institution dated July 30, 1996).

court adopted the factual findings and sentencing guideline application set forth in the PSI.[5]  *See id.*

Plaintiff alleges that the PSI contains "false information which was obtained from numerous inconsistent statements of Wilfred Rivers . . . by FBI agents during countless debriefings." Compl. at 4-5.  He further alleges that the Federal Bureau of Prisons ("BOP"), which maintains the PSI in its Central File pertaining to plaintiff, relies on the PSI's inaccuracies to plaintiff's detriment.  *Id.* at 3.  Specifically, plaintiff contends that "each time [BOP] conducted its unit team classification/program review, the erroneous [PSI] adversely affected its determinations regarding custody and security classification . . . giving [plaintiff] a Public Safety Factor (PSF)/Management Variable Level (MVL) 'Greatest Severity' of seven (7) points."  *Id.* at 4.

---

[5]  Plaintiff "make[s] very clear that he '<u>is not</u>' challenging his criminal conviction or sentence in this lawsuit action," Compl. at 1 (emphasis in original), so that the recent decision in *United States v. McCants*, 434 F.3d 557 (D.C. Cir. 2006), has no application here.

Plaintiff filed this civil action under the Privacy Act, 5 U.S.C. § 552a, on July 23, 2002.[6] He seeks correction of the PSI, and demands damages of $975,000 and injunctive relief.

## II.   DISCUSSION

### A.  *Motion to Dismiss*

A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The ruling on a motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United*

---

[6]   Plaintiff signed and mailed his complaint to the Clerk of Court on July 23, 2002. *See* Compl. at 16. The Clerk stamped the original complaint "received" on July 30, 2002. Apparently the Clerk returned the complaint to plaintiff for reasons that are not stated in the record. Plaintiff resubmitted the pleading, which the Clerk stamped "received" on August 27, 2002. The Clerk did not file the case officially on the docket until after the court ruled on plaintiff's application to proceed *in forma pauperis* and issued an order regarding payment of the filing fee. *See* Dkt. #5.

When the date of a prisoner's "filing" is important, the court looks to the date on which he tendered the complaint to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court considers the date plaintiff signed the complaint as the earliest possible date it could have been "filed" for purposes of applying the statute of limitations.

*States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001).

   *B. Plaintiff filed this Privacy Act suit timely.*

  Generally, an individual may access a federal government agency's records or information pertaining to him in a system of records, and may request amendment of records pertaining to him. *See* 5 U.S.C. § 552a(d). An individual may file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).

  A civil action under the Privacy Act must be brought "within two years from the date on which the cause arises." 5 U.S.C. § 552a(g)(5). "The critical issue for determining whether the plaintiff's action is barred by § 552a(g)(5) is the time at which the plaintiff first knew or had to reason to know" of his cause of action. *Diliberti v. United States*, 817 F.2d 1259, 1262 (7th Cir. 1987); *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987) (action arises when "the plaintiff knows or should know of the alleged violation").

  The statute of limitations is not jurisdictional, however. *Chung*, 333 F.3d at 157 n.7. "A Privacy Act claim filed after the two-year period is not automatically time-barred; equitable

tolling of the statute of limitations may occur." *Bernard v. United States Dep't of Defense*, 362 F.Supp.2d 278 (D.D.C. 2005). Equitable tolling "applies most commonly when the plaintiff 'despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim.'" *Chung*, 333 F.3d at 157 (quoting *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998)); *see Bernard*, 362 F.Supp.2d at 278. It "ensures that the plaintiff, by dint of circumstances beyond his control, [is not] deprived of a 'reasonable time' in which to file suit." *Chung*, 333 F.3d at 158 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-52 (7th Cir. 1990)).

Defendant notes plaintiff's awareness of alleged inaccuracies in the PSI as early as May 10, 1996, the date on which he and his court-appointed counsel filed objections to the PSI. Def.'s Resp. at 3; *see* Compl. at 5. Defendant argues that plaintiff knew of both the PSI's inaccuracies and the injuries resulting from BOP's reliance on the PSI by February 2000, when plaintiff first challenged the use of the PSI by filing an inmate grievance. Def.'s Resp. at 3. Because plaintiff did not file the instant complaint until 2002 and offered no reason for application of equitable tolling principles, defendant argues that this action is barred by the statute of limitations.

Plaintiff responds by explaining the sequence of events pertaining to the PSI. He states that the sentencing court

imposed sentence on July 30, 1996, entered an Addendum to the PSI two days later and placed both documents under seal.  Pl.'s Resp. [#31] at 2.  He argues that the statute of limitations began to run on January 25, 2001, the date on which the sentencing court ordered the PSI unsealed and disclosed to him.  *Id*. at 1; *see* Compl. at 2.  "Since obtaining possession of the his PSI, it is clear to [plaintiff], obviously, the BOP failed to take reasonable steps to ensure the accuracy of his challenged information it contained thereof."  Compl. at 2.  Under plaintiff's alternative scenario, the filing of his complaint occurred well within the Privacy Act's two-year statute of limitations.

   The Court concludes that equitable tolling of the Privacy Act's statute of limitations is warranted in this case.  Accepting plaintiff's factual allegations as true, plaintiff was unable to obtain vital information on the existence of his claim until he could review the PSI in January 2001.  The Court deems this action timely filed.

> *C.  The complaint fails to state a Privacy Act claim upon which relief can be granted.*

>> 1.  <u>Amendment of the PSI</u>

   Pursuant to the Privacy Act, an agency must:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure

> fairness to the individual in the
> determination.

5 U.S.C. § 552a(e)(5).  The statute authorizes regulations to be issued, however, *exempting* "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision" from specified provisions of the Act.  5 U.S.C. § 552a(j)(2).  Pursuant to that authority, the Inmate Central Records System is exempt from subsections (d), (e)(5) and (g) of the Privacy Act.  *See* 28 C.F.R. § 16.97(a)(4),(j).

Consequently, the injunctive relief plaintiff demands, amendment of the PSI maintained in BOP's Inmate Central Records System, is not available.  *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of presentence report); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records from amendment provision of Privacy Act).

### 2.  Monetary Damages

In a civil suit filed pursuant to 5 U.S.C. § 552a(g)(1)(C), if the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy.  *See* 5 U.S.C.

§ 552a(g)(4).  In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff."  *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)).  Plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful.  *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. 552a(g)(4).  To meet his burden, plaintiff "must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act."  *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting *Albright v. United States*, 732 F.2d at 189).

On March 1, 2001, plaintiff "initiated his [] attempt to resolve his 'factually disputed' inaccurate, incorrect, and erroneous PSI report . . . through the BOP Administrative Remedy" process.  Compl. at 12.  On plaintiff's informal request, his Case Manager contacted the probation officer who prepared the PSI.  Mem. of P.&A. in Support of Def.'s Mot. to Dismiss (Rhinehart Decl.) ¶ 2; *see* Compl., Attach. JA#9 (Remedy No. 235415 dated March 15, 2001).  The probation officer's written response was as follows:

> Mr. Cooper has previously addressed this
> issue with the Honorable Falcon B. Hawkins
> and as a result no ruling was issued
> warranting further review of the inmate's
> sentencing nor revision of the Presentence
> Investigation Report.  We will undertake no
> further analysis of either unless directed to
> do so by this court.  I appreciate your
> communicating the concerns of Mr. Cooper but
> based on the current claims by Mr. Cooper,
> which have been previously addressed by this
> Court, the U.S. Probation Officer has no
> authority to revisit these issues nor any
> legal precedence [sic].

Compl., Attach. JA#10 (March 9, 2001 Fax Cover Sheet from J. Scott Youngblood, Supervising U.S. Probation Officer, to Mellisa Rhinehart, Case Manager, FCI Butner).

Subsequently, plaintiff initiated a former inmate grievance. *See* Compl., Attach. JA #9.  At each stage of the process, plaintiff was denied relief.  *See id.*  The Warden, the Regional Director, and the Administrator of National Inmate Appeals relied on the Case Manager's "reasonable steps to ensure the information in [his] central file is accurate." *Id.* (March 29, 2001 Warden's Response to Remedy No. 235415).  BOP had no proof that the PSI was inaccurate, had no authority to amend the PSI, and, accordingly, relied on the PSI in making decisions regarding plaintiff's commitment.  *See id.* (April 20, 2001 Response to Regional Administrative Remedy Appeal, and June 21, 2001 Response to Central Office Appeal).

Plaintiff cannot show that BOP either acted without grounds for believing its actions lawful, or flagrantly disregarded

plaintiff's rights under the Privacy Act.  The record demonstrates that BOP staff acted on plaintiff's claims by contacting the author of the PSI.  BOP's refusal to amend the PSI, when it had no authority to do so, is not a willful or intentional violation of the Privacy Act.

### III.   CONCLUSION

The Court concludes that plaintiff timely filed the complaint, and that he failed to state a claim under the Privacy Act upon which relief can be granted.  Accordingly, defendant's motion to dismiss will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.


                                        JAMES ROBERTSON
                                   United States District Judge